IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN FLAMER : CIVIL ACTION
:
v. :
:
GEORGE W. HILL CORRECTIONAL : NO. 14-4747
FACILITY, et al. :

MEMORANDUM

PRATTER, J. AUGUST , 2014

John Flamer, a prisoner incarcerated at the Howard R. Young Correctional Facility in Wilmington, Delaware, filed this civil action against the George W. Hill Correctional Facility and several other defendants. Currently before the Court is Mr. Flamer's motion to proceed *in forma pauperis*. For the following reasons, the Court will deny the motion.

According to § 1915(g), which was enacted as part of the Prison Litigation Reform Act, a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc). "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "[D]ismissals for frivolousness prior to the passage of the PLRA are included among [a plaintiff's] three [strikes]." *Keener v. Pa. Bd. of*

1

*Prob. & Parole,* 128 F.3d 143, 144-45 (3d Cir. 1997). Mr. Flamer had accumulated at least three "strikes" for purposes of 28 U.S.C. § 1915(g) at the time he filed this action. *See, e.g., Flamer v. C.I.D.'s Department,* E.D. Pa. Civ. A. No. 95-3154 (dismissing case as frivolous pursuant to 42 U.S.C. § 1915(d)); *Flamer v. PD Office,* E.D. Pa. Civ. A. No. 93-3731 (same); *Flamer v. Christy,* E.D. Pa. Civ. A. No. 92-6060 (same); *Flamer v. Nurse Lucy,* E.D. Pa. Civ. A. No. 92-6027 (same); *Flamer v. Delaware Cnty. Prisons,* E.D. Pa. Civ. A. No. 91-4472 (same); *Flamer v. Delaware Cnty. Prison,* E.D. Pa. Civ. A. No. 91-4470 (same). Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed his complaint.

"'Imminent' dangers are those dangers which are about to occur at any moment or are impending." *Abdul–Akbar,* 239 F.3d at 315. "[V]ague, generalized, and unsupported claims" are insufficient to establish that a plaintiff is in imminent danger. *Brown v. City of Phila.,* 331 F. App'x 898, 900 (3d Cir. 2009) (per curiam); *see also Ball v. Famiglio,* 726 F.3d 448, 468 (3d Cir. 2013). Here, Mr. Flamer alleges employees at the George W. Hill Correctional Facility, where he was incarcerated from July 30, 2013 through January 2014, retaliated against him after he received a settlement in connection with a lawsuit he filed against the entity that runs the prison. Mr. Flamer appears to be alleging that he received $42,000 out of a $399,000 settlement. He claims that prison officials failed to protect him from sexual and physical assaults by other inmates, and threatened him with bodily harm if he failed to give them a portion of his proceeds. Although Mr. Flamer is now incarcerated at the Howard R. Young Correctional Facility, he contends he is in imminent danger because "he has to go back to George W. Hill Correctional Facility to be released, where he will suffer the same [retaliation]." He also alleges that the defendants "allowed [his] medical condition to worsen."

As Mr. Flamer is no longer incarcerated at the George W. Hill Correctional Facility, he is not in imminent danger of serious physical injury due to conditions that may exist at that prison. The fact that he may have to return to the prison at an unspecified time in the future, is too speculative to establish that he is in imminent danger for purposes of § 1915(g). *See Tierney v. Alo*, Civ. A. No. 12-59, 2012 WL 1409660, at *3 (D. Haw. Apr. 20, 2012) (plaintiff was not in imminent danger based on the fact that he was recently transferred back to facility where prison officials previously directed other inmates to assault him), *aff'd*, 517 F. App'x 560 (9th Cir. 2013); *Johnson v. Barney*, Civ. A. No. 04-10204, 2005 WL 2173950, at *1 (S.D.N.Y. Sept. 6, 2005) ("The fact that plaintiff may pass through Downstate on infrequent occasions in the future means that any threat he faces is merely hypothetical, rather than imminent."). Indeed, Mr. Flamer does not indicate whether he expects to return to George W. Hill Correctional Facility in a period of weeks, months, or years. It is possible that, by the time he returns, the inmates who assaulted him will no longer be incarcerated there, and the conditions there will be different from those described in his complaint. In any event, if he expects to be released from imprisonment upon his return, it is difficult to understand how the conditions of confinement would subject him to any danger. Accordingly, Mr. Flamer is not in "imminent danger" for purposes of § 1915(g). Additionally, as Mr. Flamer recently received a $42,000 settlement, it appears he may be capable of paying the filing fee and administrative fee to commence this action.

For the foregoing reasons, the Court will deny his motion to proceed *in forma pauperis*. An appropriate order follows.